UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE MYERS, | No. 2:20-cv-0764 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| R. KAIHE, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Allegations of the Complaint

Plaintiff brings five claims, all alleging violations of his due process rights in relation to a 2017 prison disciplinary proceeding at the California Medical Facility. The complaint, ECF No. 1, alleges as follows. On April 18, 2017, plaintiff was sitting on his bunk when officers began conducting searches. Officer Kaihe entered plaintiff's 8-man bunk area, told plaintiff to leave, searched the area, and found a cell phone and other contraband that did not belong to plaintiff. Officer Kaihe wrote up a Rules Violation Report (RVR) charging plaintiff with possession of the phone. The RVR falsely stated that Kaihe had seen plaintiff tossing the phone between the bunks, and that Officer Kaihe had a verbal exchange with plaintiff about the phone. Claim One is stated against Officer Kaihe for filing a false RVR. ECF No. 1 at 3-4.

Plaintiff was served with the RVR a few days later by Officer Gonzalez-Colley. The copy of the RVR contained no signatures, which rendered it void in plaintiff's opinion. Officer Gonzalez misstated her name, and said that she would be plaintiff's investigating employee. She never did anything to prepare plaintiff's defense, and her representation that she was the IE prevented plaintiff from preparing on his own behalf. Plaintiff gave all his pertinent documents to Officer Gonzalez, but she disposed of them and later told plaintiff she could not be his IE. Even though she was not acting as plaintiff's IE, she remained in the room at the RVR hearing.

3

Claim Two asserts that these actions by Officer Gonzalez-Colley violated plaintiff's rights. ECF No. 1 at 5-6.

Correctional Lt. Iannone had been the supervisor of the search team on April 18, 2017. He was also the staff member who classified the RVR against plaintiff as "serious" and a "Division D" offense. Claim Three contends that this violated plaintiff's due process right to an unbiased decision-maker. ECF No. 1 at 7-8.

The RVR hearing was held on May 13, 2017. Lt. Olson was the Senior Hearing Officer. The hearing was unfair in several ways: defendants were discussing the case with each other when plaintiff entered the room; Officer Gonzalez did not act as plaintiff's IE; Officer Kaihe was permitted to overhear the testimony of other witnesses before he testified; Officer Kaihe was permitted to remain in the hearing room after he testified; etc. Plaintiff had obtained the agreement of the true owner of the contraband phone to testify on plaintiff's behalf; Lt. Olson said he would find both inmates guilty, so plaintiff was dissuaded from presenting the witness. Lt. Olson's written report of the hearing misstated the order of witnesses to cover up the fact that Kaihe had the opportunity to tailor his testimony to that of other witnesses. Claim Four asserts that Olson's conduct at the hearing violated due process, and that the resulting disciplinary finding was unsupported by evidence. ECF No. 1 at 9-11.

Plaintiff appealed the RVR, but it was wrongfully denied at the Third Level of Review by defendant Dominguez, an Appeals Examiner who mixed up the RVR log numbers and confused the facts of plaintiff's incident with that of another inmate. Specifically, Dominguez misidentified the contraband at issue as drug paraphernalia. Claim Five contends that the handling of the appeal violated plaintiff's due process rights. ECF No. 1 at 12-13.

IV.     Failure to State A Claim

Prisoners subjected to disciplinary action are entitled to certain limited procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum). Due

process requires only: (1) written notice of the charges; (2) a hearing with advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71. If these minimum requirements are met, procedural due process has been satisfied. The process described in plaintiff's complaint does not violate Wolff's mandate.

First, Claim One's allegations of false charges do not support a due process claim. False statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under § 1983. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). Accordingly, the allegation that Officer Kaihe made false statements in the disciplinary report fail to support any claim for relief.

Claim Two does not state a claim against Officer Gonzalez-Colley. Wolff does not require signatures on copies of reports, or notices of name change, or the services of an investigative employee. Due process requires staff assistance for inmates who are illiterate, incompetent, or otherwise unable to manage the disciplinary process on their own. See Wolff, 418 U.S. at 570; see also Cal. Code Regs. tit. 15, § 3318(b) (providing for staff assistants to aid qualifying inmates). California prison regulations also provide for investigative employees, but this is not a requirement of due process. An investigative employee is responsible for gathering information for a senior hearing officer or disciplinary hearing committee by interviewing charged inmates, questioning all staff and inmates with relevant information, and screening prospective witnesses. Cal. Code Regs. tit. 15, § 3318(a). An investigative employee is assigned to assist the hearing officer or disciplinary committee, not the charged inmate. Id. Accordingly, the allegations that Officer Gonzalez represented herself as plaintiff's investigative employee but failed to assist him do not state a claim for relief.

Claim Three does not state a claim against Lt. Iannone.  He was not the decision-maker at the RVR hearing and did not determine plaintiff's guilt, so the allegations of bias do not implicate due process.  See Wolff, 418 U.S. at 571 (requiring impartial decision-maker at hearing). Plaintiff has no due process rights related to the classification of the RVR.

Claim Four does not state a claim against Officer Olson.  The only Wolff requirement even remotely suggested by plaintiff's allegations is the ability to call witnesses.  It appears clear from the facts alleged that plaintiff was not precluded from presenting an inmate witness; he apparently declined to do so after learning that more than one inmate can be found guilty of possessing the same contraband.  The way that Officer Olson is alleged to have conducted the hearing did not violate any dictate of Wolff.  Moreover, plaintiff's insistence on the invalidity of the guilt finding does not state a claim for relief.  The decision rendered on a disciplinary charge must be supported by "some evidence" in the record, Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), as plaintiff appears to recognize, see ECF No. 1 at 9.  The "some evidence" standard is met if "there is *any* evidence in the record that could support the conclusion reached."  Hill, 472 U.S. at 455-56 (emphasis added).  The complaint plainly states that Officer Kaihe and other witnesses testified at the hearing, and that Kaihe said he had seen the phone in plaintiff's hand. Eye-witness testimony indisputably constitutes "some evidence" of guilt.

Finally, plaintiff's challenge to the handling of his appeal in Claim Five does not state a cognizable due process claim.  Plaintiff has no protected liberty interest in the processing of his appeal, because inmates lack a constitutional entitlement to any specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  In Ramirez, the Ninth Circuit affirmed the district court's dismissal for failure to state a claim where the plaintiff alleged that the disciplinary and appeals boards violated his due process rights when they denied his request to examine adverse witnesses and allegedly "'added things' to his appeal to mask the procedural errors committed at the disciplinary hearing."  334 F.3d at 860.  Plaintiff's allegations are analogous, and the same result must apply.

////

For all these reasons, the complaint fails to state a cognizable due process claim against any defendant.

V.  Leave to Amend Would Be Futile

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Here plaintiff's grievances and the relevant facts have been clearly and comprehensively stated, but plaintiff's challenge to his disciplinary violation does not present a cognizable constitutional issue as a matter of law. Accordingly, amendment would be futile.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court shall randomly assign a district judge to this action.

It is further RECOMMENDED that:

1. The complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE